**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**EDUARDO TORRES,**

             **Plaintiff,**

      v.                                            **9:02-CV-986**
                                                    **(GLS/DRH)**

**ALBERT TESTA, Hearing Officer;**
**G. WILLIAMS, Correction Officer; and**
**ROBERT J. MURPHY, Acting**
**Director of Special Housing,**

            **Defendants.**

---

**APPEARANCES:**                   **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Prisoners' Legal Services         GAVIN A. COOK, ESQ.
301 South Allen Street
Albany, NY 12208

**FOR THE DEFENDANTS:**

HON. ELIOT SPITZER           KELLY L. MUNKWITZ, ESQ.
Attorney General                 Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## **DECISION AND ORDER**

### **I. Introduction**

Pending before the court are three motions. Defendants Williams and Murphy have filed a motion to dismiss. *Dkt. No. 38*. Torres, through counsel, has filed a summary judgment motion. *Dkt. No. 45*. Defendant Testa has filed a summary judgment motion. *Dkt. No. 43*. For the reasons that follow, Williams and Murphy's motion is DENIED, Testa's motion is GRANTED in part and DENIED in part, and Torres' motion is GRANTED.

### **II. Facts**

On December 24, 1999, Torres was issued a misbehavior report which stated the following:

> As a result of an ongoing investigation into a planned inmate labor strike to occur on or about 01-01-00 Inmate Torres, E has been identified as having violated above rule[1] by urging other inmates to participate in the planned strike.

Torres was given six months in SHU, loss of privileges and loss of good time credit. Ultimately, the hearing decision was reversed and expunged.

### **III. Discussion**

---

[1] Rule 104.12 states that: Inmates shall not lead, organize, participate or urge other inmates to participate in work stoppages, sit ins, lock ins or other actions detrimental to the order of the facility. (*Inmate Misbehavior Report; Pl.'s Ex. 1;Dkt. No. 45*).

2

### A. Insufficient Notice

The facts of this case are identical to the those in *Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004).[2] Accordingly, for the same reasons articulated in *Sira*, notice was insufficient since it failed to give specific facts relating to Torres' violation of prison rules. Accordingly, Torres' motion for summary judgment based on insufficient notice of the charged misconduct is **GRANTED**.

### B. Qualified Immunity

Qualified immunity protects government officials who perform discretionary functions in the course of their employment. It shields them from liability for money damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The question of whether qualified immunity will protect a public official depends upon "'the objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (internal citations omitted).

---

[2]Here, the misbehavior report was less informative than the one in *Sira*, 380 F.3d at 62.

3

In this case, confidential informants claimed that Torres was involved in the prison strike.[3]  Defendant Testa's credibility findings were based on another prison official's opinion of the credibility of the informants.  The Circuit had previously held that the prison officials reliance on information provided by a confidential informant was proper "as long as there ha[d] been some examination of indicia relevant to [the informant's] credibility." *Gaston v. Coughlin*, 249 F.3d 156, 163 (2d Cir. 2001).  As *Sira* pointed out, "there has been some ambiguity in [the]. . .case law [regarding] whether a hearing officer must make an independent assessment of informant credibility to ensure that disclosures qualify as...reliable evidence, or whether he can simply rely on the opinions of prison officials who have dealt with the informants." *Sira,* 380 F.3d at 77.  S*ira* now makes clear "that the reliability of evidence is always properly assessed by reference to the totality of the circumstances and...an informant's record for reliability cannot, by itself, establish the reliability of bald conclusions or third-party hearsay." *Id*. at 82.  However, this principle was not clearly established at the time of Torres' hearing.  Therefore, it was objectively reasonable for

---

[3]In an abundance of caution, this court will refer only genetically to the information provided about Torres' involvement since it is unclear from the record whether or not the information continues to be confidential.

4

Testa to rely on the opinions of other prison officials in determining the informants' credibility.  Consequently, Testa's use of the confidential sources as evidence of Torres' participation was proper.  Accordingly, defendant Testa's summary judgment motion is **GRANTED** on this issue.

    **WHEREFORE**, for the foregoing reasons, it is hereby

    **ORDERED**, that defendants Williams and Murphy's motion to dismiss is **DENIED** (*Dkt. No. 38*); and it is further

    **ORDERED**, that defendant Testa's motion for summary judgment as to qualified immunity for failing to adequately assess the credibility and reliability of confidential informants is **GRANTED** but **DENIED** in all other respects (*Dkt. No. 43*); and it is further

    **ORDERED**, that plaintiff Torres' motion for summary judgment for insufficient notice contained in the misbehavior report is **GRANTED** (*Dkt. No. 45*); and it is further

    **ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties.

Dated:    May 18, 2005
           Albany, New York

*[signature: Gary L. Sharpe]*
Gary L. Sharpe
U.S. District Judge